THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PEARSALL INN & SUITES <br> D/B/A AARAV MANAGEMENT, Inc. <br><br> PLAINTIFF, <br><br> VS. <br><br> GREAT AMERICAN INSURANCE <br> COMPANY OF NEW YORK, <br><br> DEFENDANT. | § § § § § § § § § § § § | CIVIL ACTION NO. 5:19-cv-501 |

### DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Great American Insurance Company of New York ("GAIC" or "Defendant") hereby removes the action styled and numbered *Pearsall Inn & Suites D/B/A Aarav Management, Inc. v. Great American Insurance Company of New York*, Cause No. 19-04-00118CVF, currently pending in the 218th Judicial District Court, Frio County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On April 5, 2019, Plaintiff Pearsall Inn & Suites d/b/a Aarav Management, Inc. ("Plaintiff" or "Pearsall Inn") filed its Original Petition in the 218th Judicial District Court, Frio County, Texas, Cause No. 19-04-00118CVF. Plaintiff's Original Petition is attached in **Exhibit A** to this Notice of Removal.

2. This action concerns alleged non-payment or under-payment of property insurance benefits from an insurance policy purchased from GAIC. The Plaintiff claims GAIC owes these

benefits because of loss sustained to Plaintiff's insured property from a windstorm on or about March 27 or 28, 2018.

3. Plaintiff's Original Petition alleges causes of action against GAIC for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

## II.   GAIC'S NOTICE OF REMOVAL IS TIMELY

4. GAIC was served with the Original Petition and citation on April 11, 2019 by delivery through CT Corporation System. The citation is attached in **Exhibit A** to this Notice of Removal. Accordingly, GAIC files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.   VENUE IS PROPER

5. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124(d)(4) and 1441(a) because this district and division embrace the place where the removed action has been pending.

## IV.   BASIS FOR REMOVAL JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and GAIC, and the amount in controversy exceeds $75,000 excluding interest and costs.

7. In Plaintiff's Original Petition, Plaintiff states that it is a corporation organized and operating under the laws of the State of Texas. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Great American was at the time this lawsuit was filed, and at the date of this Notice

remains, a New York corporation with its principal place of business in Cincinnati, Ohio. Thus, Defendant is a citizen of the states of New York and Ohio for purposes of diversity of citizenship.

9. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

## V.     AMOUNT IN CONTROVERSY

10. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, GAIC's burden is satisfied.[1]

11. When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[2]

12. Plaintiff's Original Petition states that it seeks damages over $250,000 but not more than $750,000.[3]

13. Thus, Plaintiff's claims exceed the jurisdictional minimum of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.     CONCLUSION

14. For the reasons mentioned above, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, removal of this action is proper under 28 U.S.C. § 1332(a).

---

[1] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] See **Exhibit A** at 8.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 218th Judicial District Court in Frio County, Texas.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

17. All pleadings, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant GAIC requests that this action be removed from the 218th Judicial District Court in Frio County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:   */s/ Todd M. Tippett*
    Todd M. Tippett
    State Bar No. 2046977
    ttippett@zelle.com
    Michael P. O'Brien
    State Bar No. 24103418
    mobrien@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Removal has been served this 10th day of May 2019, by electronic filing as follows:

    Shaun W. Hodge
    State Bar No. 24052995
    **THE HODGE LAW FIRM, PLLC**
    Old Galveston Square Building
    2211 Strand, Suite 302
    Galveston, Texas 77550
    Telephone: 409-762-5000
    Facsimile: 409-763-2300
    *Attorney for Plaintiff*

    */s/ Todd M. Tippett*
    Todd M. Tippett