# Exhibit A



**Great American Insurance Company**
**P and C Legal**
**301 East 4th Street**
**Cincinnati, Ohio  45202-3180**

**(800) 545-4269**

## MEMORANDUM

| | |
|---|---|
| **FROM:** | **PROPERTY AND CASUALTY LEGAL DEPT.** |

**TO:**
☑ **PIM**
   Property Inland/Marine
   Josh Schaad
   jschaad@gaig.com

**RE:**   *Petition - Pearsall Inn & Suites, etc. v GANY - Policy No. MAC 1538762 - Claim No. A00172900*

**STATE:** Texas

**THE ATTACHED WAS RECEIVED IN OUR OFFICE ON 04/16/2019 AND WAS SERVED BY:**
**CT Corporation System - Date Process Served 04/11/2019**

The scanned document is being sent to you for handling.
   ✓ Original will be retained by BSS for 30 days.
_____ Original will also be sent due to contents of package.

| | | | |
|---|---|---|---|
| **Date:** April 16, 2019 | | **ID:** | Document Tracking #SC37856 |

# Policy/Claim Search

Current Environment:
Policy/Claim Search Rows Found

Print | Back

| Claim # | Insured Name | Claimant Name | Date Of Loss | Date Reported | Adjuster Name | Claim Office | Recovery Adjuster | Loss Description | Policy Number | Policy Symbol | Profit Center | Policy Effective Date | Policy Expiration Date | Underwriter Name | Source | Incident Class Dr | Animal Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | PEARSALL INN & SUITES | | | | | | | | 1538762 | MAC | 5532 | 09/30/2018 | | GREGORY BRUCE | | | |
| | PEARSALL INN & SUITES | | | | | | | | 1538762 | MAC | 5532 | 09/30/2016 | 09/30/2017 | AYESHA SAVANT | UDClaimCenter | | |
| A0173900 | PEARSALL INN & SUITES | PEARSALL INN & SUITES | 03/28/2018 | 09/15/2018 | CASSIDY V HORGAN | PROPERTY & INLAND MARINE CLAIM | | HAIL DAMAGE TO ROOF | 1538762 | MAC | 5532 | 09/30/2017 | 09/30/2018 | GREGORY BRUCE | UDClaimCenter | | |

 **CT Corporation**

**Service of Process Transmittal**
04/11/2019
CT Log Number 535278077

**TO:** General Counsel's Office
Great American Insurance Company
301 E 4th St, 15th Floor
Cincinnati, OH 45202

**RE:** **Process Served in Texas**

**FOR:** Great American Insurance Company of New York  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PEARSALL INN & SUITES, ETC., PLTF. vs. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 218th Judicial District Court Frio County, TX<br>Case # 190400118CVF |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/11/2019 postmarked on 04/08/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, |
| **ATTORNEY(S) / SENDER(S):** | Shaun W. Hodge<br>The Hodge Law Firm, PLLC<br>Old Galveston Square Building<br>2211 Strand, Suite 302<br>Galveston, TX 77550<br>409-762-5000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780111283203<br><br>Image SOP<br><br>Email Notification,  General Counsel's Office  clegal@gaig.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

RECEIVED

APR 1 6 2019

Great American Ins. Co.
Property & Casualty Legal

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL

7015 3430 0000 2678 1180

US POSTAGE $007.75⁰
ZIP 78061
041M11276575
04/06/2019

**FRIO COUNTY DISTRICT CLERK**
500 E. San Antonio St., Box 8 • Pearsall, Texas 78061

OFILIA M. TREVINO
DISTRICT CLERK

GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK
REGISTERED AGENT: CT CORPORATION
1999 BRYAN STREET, SUITE 900
DALLAS, TEXAS  75201

# CITATION
## THE STATE OF TEXAS:
### Cause No: 19-04-00118CVF

**PEARSALL INN & SUITES D/B/A AARAV MANAGEMENT, INC.**
VS.
**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**

**IN THE 218TH DISTRICT COURT OF FRIO COUNTY, TEXAS**

TO: GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, by serving its Registered Agent: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

Defendant – GREETINGS:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's PLAINTIFF'S ORIGINAL PETITION at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 218TH DISTRICT COURT of Frio County, at the Courthouse in said County in Pearsall, Texas. Said Plaintiff's PLAINTIFF'S ORIGINAL PETITION was filed in said court on the 5th day of April, 2019 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pearsall, Texas 78061, ON THIS THE 5th day of April, 2019.

**ATTORNEY REQUESTING:**
SHAUN W. HODGE
OLD GALVESTON SQUARE
BUILDING, 2211 STRAND, SUITE 302
GALVESTON, TEXAS 77550
409-762-5000 TEL
STATE BAR NO. 24052995

Ofilia M. Trevino, District Clerk
**218TH DISTRICT COURT**
Frio County
500 East San Antonio St. Box 8
Pearsall, Texas 78061

By 
ESPERANZA ZAPATA, DEPUTY

## OFFICER'S RETURN

Came to hand the _____ o'clock ___ M. on the ___ day of _____ 20___ and executed the ____ day of _____ 20___, by delivering to _____ in person a true copy of this citation with a copy of the petition attached thereto on the ___ day of _____ 20___ at _____ o'clock ____ M. at _____ in _____ County, Texas.

(   ) Not executed. The diligence used in finding defendant being _____

_____

(   ) Information received as to the whereabouts of defendant being _____.

FEE:

$ _____

_____
SHERIFF/ CONSTABLE/ PRIVATE SERVICE

_____ County, Texas

_____ Deputy

Filed 4/5/2019 11:32 AM
Ofilia M. Trevino
District Clerk
Frio County, Texas
Esperanza Zapata

CAUSE NO. 19-04-00118CVF

| | | |
|---|---|---|
| PEARSALL INN & SUITES | § | IN THE DISTRICT COURT OF |
| D/B/A AARAV MANAGEMENT, Inc. | § | |
| Plaintiff | § | |
| | § | *218TH* |
| v. | § | 84ST  JUDICIAL DISTRICT |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK | § | |
| Defendant | § | |
| | § | FRIO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PEARSALL INN & SUITES d/b/a AARAV MANAGEMENT, INC. (hereinafter referred to as "Plaintiff"), and file this *Plaintiff' Original Petition*, complaining of GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("Great American" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiff is a corporation organized and operating under the laws of the State of Texas.

3.  Defendant, Great American Insurance Company of New York, commonly known as "Great American" is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  The Defendant may

be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 via Certified Mail Return Receipt Requested.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $250,000 but not over $750,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.   Plaintiff reserve the right to amend the petition during or after the discovery process.

5.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff' causes of action arise out of this Defendant's business activities in the State of Texas.

6.    Venue is proper in Frio County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.    Plaintiff is the owner of insurance policy MAC 1538762 01 (hereinafter the "Policy"), which was issued by Defendant.

8.    Plaintiff owns the insured property, which is specifically located at 1707 W Comal Street, Pearsall, Texas 78061(hereinafter the "Property").

9.    Defendant sold the Policy to Plaintiff insuring the Property.

10.   On or about March 27th or 28th of 2018, a windstorm caused severe damage to the insured Property.

11.   Plaintiff submitted a claim to Defendant against the Policy for damages which the Property
      sustained as a result of the windstorm.  Upon information and belief, Defendant assigned
      a numbered claim.  The claim number assigned was A00172900.

12.   Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the
      Policy.

13.   Defendant set about to deny and/or underpay on properly covered damages.  As a result of
      Defendant's unreasonable investigation of the claim, including not providing full coverage
      for the damages sustained by Plaintiff, as well as under-scoping the damages during its
      investigation and thus denying adequate and sufficient payment to Plaintiff to repair the
      Property, Plaintiff' claim was improperly adjusted.  The mishandling of Plaintiff' claim
      has also caused a delay in Plaintiff' ability to fully repair the Property, which has resulted
      in additional damages.  To this date, Plaintiff have yet to receive the full payment to which
      they are entitled under the Policy.

14.   As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff' claim for
      repairs of the Property, even though the Policy provided coverage for losses such as those
      suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff' claims by not
      providing full coverage for the damages sustained by Plaintiff, as well as under-scoping
      the damages during its investigation.

15.   To date, Defendant continues to delay in the payment for the damages to the Property.  As
      such, Plaintiff have not been paid in full for the damages to the Property.

16.   Defendant failed to perform its contractual duties to adequately compensate Plaintiff under
      the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy,
      although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.   Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.   Defendant failed to make an attempt to settle Plaintiff' claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.   Defendant failed to affirm or deny coverage of Plaintiff' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff' claim, beginning an investigation of Plaintiff' claim, and requesting all information reasonably necessary to investigate Plaintiff' claim, within the statutorily mandated time of receiving notice of Plaintiff' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Defendant failed to accept or deny Plaintiff' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff' claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25. From and after the time Plaintiff' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27. As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

28. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

29. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

31. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

32. The Defendant's breach proximately caused Plaintiff' injuries and damages.

33.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41. The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42. Defendant's failure to acknowledge receipt of Plaintiff' claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44. Defendant's delay of the payment of Plaintiff' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058..

45. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

46. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

47. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48. *Defendant's conduct proximately caused Plaintiff' injuries and damages.*

**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

49. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50. Plaintiff are "consumers" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

    a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)   Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)   Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)   Violated the provisions of the Texas Insurance Code described herein.

52.   The Defendant took advantage of the Plaintiff' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff' damages for economic relief.

### DAMAGES

53.   Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff' actual damages, policy benefits, pre-judgment interest, post-

judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

54.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.   The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff' claim in violation of the laws set forth above.

56.   For breach of contract, Plaintiff are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

57.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

58.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.   For breach of the common law duty of good faith and fair dealing, Plaintiff are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.    For violations of the Deceptive Trade Practices Act, Plaintiff are entitled to recover actual damages and up to three times Plaintiff' damages for economic relief, along with attorney's fees, interest and court costs.

61.    For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62.    Plaintiff are not making any claims for relief under federal law.

### JURY DEMAND

63.    Plaintiff request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff' Original Petition*.

### REQUEST FOR DISCLOSURE

64.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

### PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)    Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)    Statutory benefits;

3)    Treble damages;

4)    Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

---

19-04-00118CVF

Filed 5/9/2019 2:08 PM
Ofilia M. Trevino
District Clerk
Frio County, Texas
Esperanza Zapata

CAUSE NO. 19-04-00118CVF

| | | |
|---|---|---|
| PEARSALL INN & SUITES | § | IN THE DISTRICT COURT OF |
| D/B/A AARAV MANAGEMENT, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | FRIO COUNTY, TEXAS |
| | § | |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK | § | |
| | § | 218TH JUDICIAL DISTRICT |
| Defendants. | § | |

## DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Great American Insurance Company of New York's ("GAIC" or "Defendant") hereby files its Original Answer to Plaintiff Pearsall Inn & Suites d/b/a AARAV Management, Inc.'s ("Plaintiff" or "Pearsall Inn") Original Petition and would respectfully show the Court as follows:

## ORIGINAL ANSWER

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence. By this general denial, Defendant demands that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.   By this general denial, Defendant further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## AFFIRMATIVE AND OTHER DEFENSES

2.      Pursuant to Texas Rule of Civil Procedure 94, Defendant submits the following affirmative and other defenses to the allegations set forth in Plaintiff's Original Petition.

### First Defense

3.      Plaintiff's claims are subject to all the terms, conditions, limitations, exclusions, sublimits, waiting periods, deductibles, and coinsurance provisions contained in the insurance policy under which Plaintiff brings suit (the "Policy").

### Second Defense

4.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it seeks.

### Third Defense

5.      Plaintiff's claims are premature and subject to abatement and/or dismissal due to Plaintiff's failure to provide the statutory notice required for Plaintiff's Insurance Code Claims. Defendant specifically reserves its right to file a Verified Plea in Abatement within thirty (30) days of filing this Original Answer.

### Fourth Defense

6.      Plaintiff's claims are premature and subject to abatement and/or dismissal pursuant to the Policy's appraisal provision, which applies in the event of any disagreement as to the amount of loss. Defendant specifically reserves all rights under the Policy and at law with respect to the appraisal provision.

### Fifth Defense

7.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

### *Sixth Defense*

8.      Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage was not to property covered by the Policy.

### *Seventh Defense*

9.      Plaintiff's claims are barred, in whole or in part, to the extent the loss or damage, if any, was not caused by or the result of a covered cause of loss under the Policy.

### *Eighth Defense*

10.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### *Ninth Defense*

11.     Plaintiff's claims are barred by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses, such as those caused by excluded causes of loss under the Policy.

### *Tenth Defense*

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents failed to protect the property from further damage after loss, make reasonable and necessary repairs to protect the property after loss, and keep an accurate record of repair expenses.

### *Eleventh Defense*

13.     Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payments under the Policy, and Plaintiff's recovery under the Policy, if any, must be offset and reduced accordingly.

### *Twelfth Defense*

14.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or their agents intentionally concealed or misrepresented any material fact relating to the insurance and claim that form the basis of this suit, at any time.

### *Thirteenth Defense*

15.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and its employees, agents, representatives, and adjusters are entitled to value claims differently from their policyholders without facing bad-faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

### *Fourteenth Defense*

16.     Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

17.     To date, Plaintiff has failed to provide sufficient information to enable the Defendant to fully evaluate the defenses that may apply to Plaintiff's alleged losses or damages. Accordingly, the Defendant reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## RESERVATION OF RIGHTS

18.     By appearing and answering herein, GAIC does not waive, and expressly reserves, all rights and defenses that GAIC may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that GAIC may have (or that may arise) under the Policy and/or applicable law.

## PRAYER

Defendant GAIC therefore respectfully requests that:

1)     Plaintiff's claim for relief be denied in its entirety; and

2)     GAIC be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By:     */s/ Todd M. Tippett*
Todd M. Tippett
State Bar No. 2046977
ttippett@zelle.com
Michael P. O'Brien
State Bar No. 24103418
mobrien@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 9th day of May 2019:

Shaun W. Hodge
State Bar No. 24052995
**THE HODGE LAW FIRM, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone:    409-762-5000
Facsimile:    409-763-2300
***Attorney for Plaintiff***

*/s/ Todd M. Tippett*

Todd M. Tippett